PONDER, Judge
(dissenting).
I believe that Nicklos Drilling Company had the last clear chance to avoid the accident. This doctrine has application when 1) the plaintiff is in a position of peril of which he is unaware or from which he cannot extricate himself; 2) the defendant discovers or could reasonably discover the plaintiff’s peril; and 3) the defendant has an opportunity to avoid the accident. Messex v. Louisiana Department of Highways, 302 So.2d 40 (La.App. 3rd Cir. 1974).
A careful reading of the testimony of the Nicklos driver will show that he was one truck length behind the third Nichols vehicle when he first saw Mrs. Woods. The calculations of the Nicklos expert made this 233 feet from the middle of the intersection. Using a reaction time of 2.5 seconds and a braking coefficient of .33, both of which are liberal to Nicklos, and without any locking of the brakes, the expert finds the truck could be stopped in 250.3 feet. While this would have been 17.3 feet beyond the point of impact, the slowing of the truck under the braking would have given Mrs. Woods additional time to clear the intersection and avert the collision.
Even if the Woods car were not completely out of the northbound lane, the speed of the truck would be sufficiently decreased to allow the truck to be maneuvered behind her at the intersection of La. 1 and La. 998. Furthermore, even if the collision could not have been completely avoided, the decreased speed of the Nicklos truck would have caused such a reduction in the impact as to avoid the catastrophic consequences.
I therefore dissent from the holding of the majority that absolves Nicklos from liability under the sudden emergency doctrine.